## Case No. 7,855.

### KITCHEN et al. v. WOODFIN et al.

[1 Hughes (1877) 340.] [1]

Circuit Court, W. D. North Carolina.

EXECUTION—COMMISSION ON MONEY COLLECTED—BY WHOM PAID.

1. Under the laws of North Carolina, where money collected on execution is directed by the state law to be paid by the sheriff to the clerk, the clerk receives it as agent of the law, and not as agent of either party to the suit, unless made so by express agreement, or by acts from which such agreement may be fairly implied, and therefore, the clerk's commissions on the money so received are part of the costs of a suit, to be paid by the defendant, for which execution may issue.

[Cited in Blake v. Hawkins, 19 Fed. 205; Fagan v. Cullen, 28 Fed. 844.]

2. The same is true as to the commissions of the sheriff, and (under section 829, Rev. St.) it is true also as to clerks' and marshals' commissions in the federal courts.

[Cited in The Vernon, 36 Fed. 114; The Serapis, 37 Fed. 443.]

The plaintiffs [Nathan Kitchen & Co.] recovered judgment for the sum of $12,510.43 and costs. After the execution was issued to the marshal, the defendants [N. W. Woodfin and R. W. Palliam] filed with the clerk receipts from the plaintiffs amounting to $7050, which were entered as credit on the execution docket. While the execution was in the hands of the marshal, the defendants paid the attorney of the plaintiffs $3800, and took receipts for said payments. The marshal received these receipts in part satisfaction of the execution. and collected the balance due in cash, and made return of said receipts and cash to the clerk. In this case the clerk must look to the defendants for his compensation for the money received and paid out by him. and can have an execution for the same as a part of the costs of the cause.

DICK, District Judge. During the last term of the circuit court, at Asheville. I was called on to decide as to the commissions to which the marshal was entitled. I am now called upon by a case argued to determine the compensation of the clerk for receiving, keeping. and paying out the money collected. A similar question arose in the case in equity, Clews v. Railroad Co. [unreported], but it became unnecessary for me to decide the same,

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

as the parties agreed with the clerk upon a satisfactory compensation. As questions of this character may frequently arise in the courts of this district, I have concluded to file an opinion setting forth the law on the subject, for the information of parties to suits, and for the guidance of the officers of the courts.

The act of congress (Rev. St. § 829) provides that for services rendered under an execution, the marshal shall be entitled to "the same fees and poundage as are or shall be allowed for similar services to the sheriffs of the states respectively in which the service is rendered." In this state, the principles of law defining the rights of a sheriff to commissions upon an execution in his hands, are clearly set forth in Willard v. Satchwell, 70 N. C. 268, and the authorities cited. When an execution is issued to a marshal, he is bound to obey the exigency of the writ, and he at once becomes entitled to his commissions, if the defendant has property subject to levy sufficient to satisfy the execution; and he cannot be divested of this right in any way except by his own neglect of duty. The fee bill (Rev. St. § 828) provides that the clerk shall be allowed: "For receiving, keeping, and paying out money in pursuance of any statute, or order of court, one per centum on the amount so received, kept, and paid." This right of the clerk is not regulated by the law of the state in which the clerk renders the service, but is dependent upon the construction of said clause in the statute. Certain fees are allowed the clerk for issuing an execution and making an entry of the return of the marshal. He incurs no responsibility as to money raised upon an execution until it is paid into his office. When he receives money he incurs risk and responsibility, and then the compensation above mentioned, "on the amount so received, kept, and paid." In this case the clerk is entitled to one per centum on the money (cash) which came into his hands, and was paid out by him.

On the second question presented in the case argued, it is insisted that in receiving, keeping, and paying out the money collected on the execution, the clerk acts as the agent of the plaintiffs, and ought to retain his compensation out of the fund. The law imposes on a clerk the duty of receiving money collected on an execution when returned by the marshal. This legal requirement imposes only an official duty, and does not constitute the clerk the agent of the plaintiff for receiving, keeping, and paying out money due on a judgment. The clerk is an agent of the law, and not of the parties in suit, unless made so by express agreement, or by acts from which such agency may fairly be implied. Purvis v. Jackson, 69 N. C. 474. When a plaintiff succeeds in a civil action, he is ordinarily entitled to a judgment for all costs properly incident to the cause. This judgment includes all the costs belonging to the action, whether prior or subsequent to the rendition of judgment. If new costs accrue the judgment opens to receive them. Peyton v. Brooke [3 Cranch (7 U. S.) 92]. The law directs a clerk, before issuing a summons in a civil action, to take a prosecution bond from the plaintiff, with sureties, to indemnify the defendant against costs. The sureties to this bond are only bound for the costs of the defendant; and for this reason the clerk and marshal may require the plaintiff to pay fees before any service is rendered. If the plaintiff pays fees to the officers, and afterwards succeeds in his action, he is entitled to have such fees taxed in the bill of costs against defendant. After judgment a successful plaintiff is never liable for ordinary costs unless the defendant is insolvent.